**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 527 LINCOLN PLACE LLC and 1112 DEAN LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL GRID USA and THE BROOKLYN UNION GAS COMPANY d/b/a NATIONAL GRID NEW YORK,<br><br>Defendants. | Civil Action No. 1:23-cv-1708<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiffs 527 Lincoln Place LLC and 1112 Dean LLC ("Plaintiffs"), individually and on behalf of all others similarly situated, allege as and for their Class Action Complaint (the "Action") against Defendants The Brooklyn Union Gas Company d/b/a National Grid New York and National Grid USA. (collectively, "National Grid"), upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation made by their attorneys, as follows:

### NATURE OF THE ACTION

1. This action seeks to redress National Grid's charging of an improper, higher gas rate to thousands of New York non-residential customers in violation of the plain and unambiguous terms of its gas tariff.

2. National Grid is bound by the terms of its gas tariff. Pursuant to the terms of its tariff, National Grid must charge a gas rate under the SC-2 rate classification for non-residential customers.

3. However, contrary to the plain and unambiguous terms of its tariff, National Grid regularly charges some non-residential gas customers an improper and more expensive residential gas rate under the SC-1A rate classification. Specifically, National Grid improperly charges landlords of multiple-family buildings – who are classified as non-residential customers by National Grid's tariff – a residential rate for gas used for non-heating purposes under the residential SC-1A rate classification.

4. As a result of its conduct as complained of herein, National Grid has generated millions in unjust revenues from unsuspecting non-residential customers by improperly charging them the more expensive SC-1A gas rate.

5. This action is brought on behalf of a class of National Grid non-residential customers who have been improperly charged a gas rate for non-heating purposes under the residential SC-1A rate classification when they should have instead been charged a rate under the non-residential SC-2 rate classification, and seeks actual damages and refunds, injunctive relief, attorneys' fees, and costs as provided by law, on behalf of Plaintiffs and the putative class.

**PARTIES**

6. Defendant The Brooklyn Union Gas Company d/b/a National Grid New York is a gas distribution company engaged in the transportation and sale of natural gas to approximately 1.3 million customers in the boroughs of Brooklyn and Staten Island and two of the five wards of the borough of Queens, all in New York City.

7. Defendant The Brooklyn Union Gas Company d/b/a National Grid New York is a corporation organized under the laws of the State of New York and with a principal office located in Brooklyn, New York.

8. Defendant The Brooklyn Union Gas Company d/b/a National Grid New York is a

wholly-owned subsidiary of National Grid USA.

9.  Defendant National Grid USA is a corporation organized under the laws of the State of Delaware with a principal office located in Waltham, Massachusetts.

10.  Plaintiff 1112 Dean LLC is a limited liability company organized under the laws of New York with a principal office located in Brooklyn, New York.

11.  Plaintiff 527 Lincoln Place LLC is a limited liability company organized under the laws of New York with a principal office located in Brooklyn, New York.

## JURISDICTION AND VENUE

12.  This Court has subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. § 1332(d) in that the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which, upon information and belief, some members of the putative plaintiff class are citizens of States different from Defendant as of the filing date of this complaint.

13.  The putative class consists of thousands of National Grid non-residential customers with units that are not individually metered who have been improperly charged a gas rate for non-heating purposes under the residential SC-1A rate classification.

14.  This Court has general personal jurisdiction over Defendant, as Defendant regularly conducts business in this District.

15.  Venue is proper pursuant to 28 U.S.C. § 1391.  Defendant regularly conducts business in this District, and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## SUBSTANTIVE ALLEGATIONS

### National Grid's Gas Rate Service Classifications

16. National Grid provides gas service to its New York customers pursuant to the terms and conditions of its gas tariff filed with the New York Public Service Commission.

17. National Grid's gas tariff "takes on the full force and effect of law and governs every aspect of" its rates and practices. *Lee v. Consolidated Edison Co. of N.Y.,* 98 Misc.2d 304, 305–306, 413 N.Y.S.2d 826 (1978).

18. The gas tariff is "part of the contract between the customer" and National Grid. *Krasner v. New York State Elec. & Gas Corp.,* 90 A.D.2d 921, 921–922, 457 N.Y.S.2d 927 (1982).

19. The rates that National Grid charges to customers are dependent upon the service classification assigned to the customer by National Grid and include SC-1A (Residential Non-Heating Service) and SC-2 (General Service Non-Residential).

20. When customers apply for gas service from National Grid, National Grid assigns the customer a service classification based upon the use and characteristics of the customer, and the service classification will determine the rate that the customer pays for gas service.

21. National Grid does not have discretion to assign a service classification for a customer, as the service classifications are dictated by the eligibility requirements set forth in the gas tariff. *See Lee*, 98 Misc.2d at 305-306 ("neither party can depart from the measure of compensation or standard of liability contained" in a filed tariff).

22. The tariff distinguishes between "residential customers" and "non-residential customers" in assigning service classifications to customers.

23. A "residential customer" is defined by the tariff as "*any person* who, pursuant to an application for service under this Tariff, is supplied by the Company with gas service at a premise *used in whole or in part as such person's residence*[.]" (Tariff Leaf 115) (emphasis added).

24. Thus, under the plain language of the tariff, a landlord is not a "residential

customer" because the landlord 1) in the case of a corporate landlord, is not a "person," and 2) in any case, does not use the premises as her or his residence.

25. In fact, to further clarify that a landlord is not a "residential customer," the tariff further specifies that "no person who is supplied gas service to an entire multiple dwelling or for the common areas of a multiple dwelling shall be considered a residential customer…" (Tariff Leaf 115).

26. The tariff defines a "non-residential customer" as "a *person, corporation, or other entity* who has requested gas service as a non-residential customer." (Tariff Leaf 115) (emphasis added).

27. Under the plain language of the gas tariff, the landlord of a multiple dwelling building must be considered a non-residential customer because either: 1) the landlord does not use the premises as her or his residence; 2) the gas service is supplied to an entire multiple dwelling; or 3) in the case of a corporate landlord, a corporation can only be a non-residential customer. (Tariff Leaf 115)

28. As such, the appropriate gas rate classification for a landlord is the SC-2 gas rate, titled "General Service (Non-Residential)," which applies to "[a]ny use of gas by any Customer of gas service *for non-residential purposes*." (Tariff Leaf 159) (emphasis added).

29. However, the National Grid charges landlords who receive gas service for non-heating purposes in multiple dwelling buildings a gas rate under the SC-1A rate classification, titled "Residential Non-Heating Service."

30. The tariff states that the SC-1A rate classification applies as follows:

> "The use of gas for domestic purposes other than space heating by *a single residential consumer* in a one-family or a two family dwelling and in separately metered apartments of a multiple dwelling; also in two-family houses for use in appliances supplying water heating, where such service

> [sic] are rendered in common to both families; also water heating in rooming houses and multi-family building having not more than five individual dwelling units, wherein not more than 50% of the cubical content is occupied by non-residential activities and such services are renders in common to all families. […]"

(Tariff Leaf 139) (emphasis added).

31. By its plain language, the SC-1A rate classification does not apply to landlords of multi-family buildings, as the landlord is not a "single residential consumer."

32. The SC-1A rate classification also contains a section titled "Special Provision," which provides:

> "Gas service will be supplied under this Service Classification for non-heating domestic purposes in multi-family buildings having two or more individual dwelling units, wherein not more than 50% of the cubical content is occupied *by non-residential activities* and such service is rendered in common to several dwelling units through a master meter.[…]"

(Tariff Leaf 141) (emphasis added).

33. The "Special Provision" of the SC-1A rate classification also does not apply to landlords of multi-family buildings, as 100% of the cubical content of such buildings is occupied by space leased to tenants, which is a non-residential activity. This is consistent with the portion of the tariff's definition of "non-residential customer" stating that "no person who is supplied gas to an entire multiple dwelling or for the common areas of a multiple dwelling shall be considered a residential customer…". (Tariff Leaf 115).

34. Notwithstanding the plain and unambiguous language of its tariff, National Grid assigns and maintains an improper SC-1A gas rate for non-heating purposes to customers who are landlords of multiple dwelling buildings.

35. By inappropriately charging customers a SC-1A gas rate despite the customer being unqualified for the SC-1A classification pursuant to its tariff, National Grid has been able to

generate windfall revenues, as the SC-2 rate classification is the cheaper gas rate for the customer.

36. National Grid is aware of its practices in overcharging such customers under an improper SC-1A gas rate classification when the customer should actually be charged a gas rate under the cheaper SC-2 gas rate classification.

37. There is no ambiguity in the relevant provisions of the National Grid gas tariff, and application of the plain and unambiguous language of these relevant provisions require no fact-finding or technical expertise.

38. No prior application has been made to any other tribunal, agency, or commission as to National Grid's improper charge of a SC-1A gas rate to customers as set forth in this action and collection of unjust windfall venues, nor are these issues pending before any other tribunal, agency, or commission.

**National Grid Charged Plaintiff a Gas Rate Under the SC-1A Classification Despite Plaintiffs' Building Not Meeting the Criteria for a SC-2 Gas Rate**

39. Plaintiffs each receive gas from National Grid for non-heating purposes for their residential apartment buildings located in Brooklyn, New York.

40. Plaintiffs are both corporations, and Plaintiffs do not "reside" at their residential apartment buildings.

41. Plaintiffs are each non-residential customers, as defined by National Grid's tariff.

42. By the plain language of National Grid's gas tariff, Plaintiffs should not receive the gas service under the SC-1A rate classification.

43. Instead, National Grid is required to provide the gas service to Plaintiffs under the SC-2 rate classification.

44. In direct violation of the plain language of its own gas tariff, National Grid has improperly charged Plaintiffs a SC-1A gas service rate for their buildings, resulting in windfall

revenues to National Grid.

## CLASS ALLEGATIONS

45. Pursuant to Federal Rules of Civil Procedure 23(b)(3), Plaintiff brings this action on behalf of themselves and all other similarly situated (the Class"). Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All National Grid customers in the State of New York that receive gas service for a multiple dwelling building that is not in whole or in part the residence of the customer and who, at any time within the applicable statute of limitations preceding the filing of this action through and including the date of judgment, have been charged a SC-1A gas rate.

46. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed.

47. Excluded from the Class is National Grid; any parent, subsidiary, or affiliate of National Grid; any entity in which National Grid has or had a controlling interest, or which National Grid otherwise controls or controlled; and any officer, director, legal representative, predecessor, successor, or assignee of National Grid.

48. This action is properly maintainable as a class action. The proposed Class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. The names and addresses of potential Class members are readily identifiable through the business records maintained by National Grid, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

49. The members of the proposed Class are ascertainable based on National Grid's own records as well as other publicly available data.

50. There are questions of law or fact common to all Class Members that predominate over any questions affecting only individual members. Specifically, the common questions of fact

and law include whether:

    a. National Grid improperly charged landlord multiple-dwelling customers a gas rate under the SC-1A service classification;

    b. National Grid breached its contract to provide gas service to Plaintiffs and the Class;

    c. National Grid violated the New York General Business Law § 349;

    d. Plaintiffs and the Class have sustained damages and, if so, the proper measure thereof; and

    e. National Grid should be enjoined from continuing to charge and collect SC-1A gas rates from customers who do not meet the criteria for the SC-1A service classification set forth in National Grid's gas tariff.

51. The proposed lead Plaintiffs' claims are typical of those of the proposed Class because the proposed lead Plaintiffs' claims are based upon the same facts and circumstances that give rise to the claims of the other Class Members and are based upon the same predominate legal theories.

52. The representative Plaintiffs can adequately and fairly represent the Class. No conflict of interest exists between the representative Plaintiffs and the Class Members because National Grid's alleged conduct affected them similarly.

53. Plaintiffs and its chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. In addition, Plaintiffs' attorneys are competent in the areas of law relevant to the Complaint and have sufficient experience and resources to vigorously represent the Class members and prosecute this action.

54. A class action is superior to any other available method for adjudicating this controversy. The proposed class is (i) the surest way to fairly and expeditiously compensate so large a number of injured persons that constitute the Class, (ii) to keep the courts from being inundated by hundreds or thousands of repetitive cases, and (iii) to reduce transactions costs so that the injured Class Members can obtain the most compensation possible. Accordingly, class treatment presents a superior mechanism for fairly resolving similar issues and claims without repetitious wasteful litigation relevant to this action.

## CLAIMS FOR RELIEF

### COUNT I
**(Breach of Contract)**

55. Plaintiffs incorporate by reference the preceding allegations as if fully set forth herein.

56. Valid and enforceable contracts exist between National Grid and Plaintiff and Class Members for the provision of gas service.

57. The provisions of National Grid's gas tariff are part of the contracts between National Grid and its customers. *Krasner v. New York State Elec. & Gas Corp.,* 90 A.D.2d 921, 921–922, 457 N.Y.S.2d 927 (1982).

58. National Grid is bound by the provisions of its gas tariff in fulfilling its contractual obligations to customers.

59. National Grid has breached its contracts with Plaintiffs and Class Members by charging Plaintiff and Class Members a gas rate under the SC-1A rate classification when the SC-1A rate classification is not the proper classification for Plaintiffs and Class Members.

60. Plaintiffs and Class Members have been injured by National Grid's improper charge of a SC-1A rate, as Plaintiffs and Class Members should have properly been charged a

10

lower gas rate under the SC-2 service classification.

61. By reason of the foregoing, National Grid is liable to Plaintiffs and Class Members for the damages they have incurred as a result of National Grid's actions, the amount of which shall be determined at trial.

## COUNT II
### (Violation of New York General Business Law § 349)

62. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

63. New York General Business Law § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state…"

64. The conduct of National Grid alleged herein constitutes recurring, unlawful deceptive acts and practices in violation of New York General Business Law § 349, and as such, Plaintiff and Class Members are entitled to monetary damages and injunctive relief against National Grid, enjoining it from charging Plaintiff and Class Members with improper SC-1A gas rates in violation of the plain and unambiguous language of its gas tariff.

65. The conduct of National Grid as alleged herein is "consumer oriented", as it has a broad-based impact on the public or consumers at large.

66. The conduct of National Grid as alleged herein are materially deceptive, inaccurate, and misleading, as National Grid has charged Plaintiff and Class Members with a gas rate that is in violation of the plain and unambiguous language of National Grid's gas tariff.

67. Plaintiff and Class Members have been injured as they have been required to pay an improper, more expensive gas rate to National Grid for their buildings.

68. As a result of National Grid's recurring, unlawful deceptive acts and practices in

violation of New York General Business Law § 349, Plaintiffs and Class Members are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of National Grid's unlawful conduct, interest, and attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request that the Court:

(a) Issue an order certifying the Class defined above, appointing Plaintiff as Class representative, and designating its Attorneys as Class Counsel;

(b) Find that National Grid has committed violations of the law alleged herein;

(c) Enter an order granting monetary relief and damages on behalf of the Class, the amount of which is to be determined at summary judgment or trial;

(d) Render an award of treble damages and/or punitive damages;

(e) Enter an order granting all appropriate relief on behalf of the Class;

(f) Enter judgment including interest, costs, reasonable attorneys' fees, and expenses; and

(g) Grant all such other relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully submitted, this the 6th day of March, 2023.

>*/s/ Victoria J. Maniatis*
>Victoria J. Maniatis
>James R. DeMay *(pro hac vice pending)*
>Patrick M. Wallace *(pro hac vice pending)*
>Melissa K. Sims *(pro hac vice pending)*
>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
>100 Garden City Plaza
>Garden City, NY 11530
>(800) 530-9800
>vmaniatis@milberg.com
>jdemay@milberg.com
>pwallace@milberg.com

msims@milberg.com

*/s/ Michael Steifman*
Michael Steifman, Esq.
Steven P. Knowlton, Esq.
STEIFMAN LLP
292 Montauk Highway
South Hampton, New York 11968
718-645-4100
ms@steifmanlaw.com
sknowlton@steifmanlaw.com
frudich@steifmanlaw.com

*Attorneys for Plaintiffs*