UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

527 LINCOLN PLACE LLC and 1112
DEAN LLC, individually and on behalf of
all others similarly situated,

                              **Plaintiffs,**

                   -against-

NATIONAL GRID USA and THE
BROOKLYN UNION GAS COMPANY
d/b/a NATIONAL GRID NEW YORK,

                              **Defendants.**

------------------------------------------------------- x

**OPINION AND ORDER**

23-cv-1708-NG-LB

**GERSHON, United States District Judge:**

    Plaintiffs 527 Lincoln Place LLC and 1112 Dean LLC, who describe themselves as corporate landlords, bring claims on behalf of a putative class of certain National Grid customers against National Grid USA and The Brooklyn Union Gas Company d/b/a National Grid New York ("Brooklyn Union," and collectively, "National Grid") for breach of contract and violation of New York General Business Law § 349. This matter comes before the court upon its own Order to Show Cause regarding the court's subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). For the following reasons, the court declines to exercise jurisdiction under CAFA and dismisses this action without prejudice.

## BACKGROUND

    National Grid is a regulated public gas utility that provides gas service to customers in New York City pursuant to the terms of a gas tariff. (Compl. ¶ 16.) Plaintiffs are corporate landlords of multiple dwelling buildings that receive gas from National Grid to heat their residential buildings located in New York. (*Id.* ¶¶ 39–40.) Plaintiffs allege that, under National Grid's gas

tariff, which is reviewed and approved by the New York Public Service Commission, they have been assigned an incorrect service classification, corresponding to higher rates. (*Id.* ¶¶ 42–44.)

National Grid USA is a Delaware corporation located in Massachusetts; and Brooklyn Union, a wholly owned subsidiary of National Grid USA, is a New York corporation located in New York. (*Id.* ¶¶ 7–9.)  Plaintiffs are both New York limited liability companies with a principal place of business in New York. (*Id.* ¶¶ 10–11.)  Plaintiffs bring this case on behalf of a putative class consisting of "[a]ll National Grid customers in the State of New York that receive gas service for a multiple dwelling building that is not in whole or in part the residence of the customer and who, at any time within the applicable statute of limitations preceding the filing of this action through and including the date of judgment, have been charged a SC-1A gas rate." (*Id.* ¶ 45.)

Plaintiffs predicate this court's subject matter jurisdiction on CAFA, alleging that the amount in controversy exceeds the sum or value of $5,000,000; that some members of the putative class are citizens of states different from Defendants; and that the putative class consists of "thousands" of National Grid customers. (*Id.* ¶¶ 12–13.)  Because it appears from the face of the complaint that at least one of the mandatory exceptions articulated in CAFA applies, the court had concerns about whether it must decline to exercise its jurisdiction.  Accordingly, on July 1, 2024, the court ordered plaintiffs to show cause as to why the court is not required to decline to exercise CAFA jurisdiction under the mandatory home state exception or the local controversy exception, or both.

## DISCUSSION

CAFA was enacted by Congress to curb the abuses of the class action device in state court and ensure fair outcomes in interstate class actions "of national importance." Pub. L. No. 109-2, 119 Stat. 4; *Standard Fire Ins. Co v. Knowles*, 568 U.S. 588, 595 (2013). Accordingly, CAFA broadly confers diversity jurisdiction over class actions where the following jurisdictional requirements are met: (1) there are 100 or more class members; (2) the amount in controversy exceeds $5 million; and (3) the parties are minimally diverse, meaning at least one plaintiff and one defendant are citizens of different states. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citing 28 U.S.C. §§ 1332(d)(2), (5)(b), (6).)[1]

However, CAFA was not intended to allow *every* minimally diverse class action into federal court. CAFA contemplates certain exceptions, which are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Simmons v. Ambit Energy Holdings, LLC*, 2014 WL 5026252, at *6 (S.D.N.Y. Sept. 30, 2014) (citation omitted). Two such exceptions are at issue here.[2] Under the home state exception, a court shall decline to exercise CAFA jurisdiction where two-thirds or more of the proposed class are citizens of the State in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(B). Similarly, under the local controversy exception "[a] district court shall decline to exercise jurisdiction . . . over a class action in which . . . greater than two-thirds of the members of all proposed plaintiff

---

[1] I assume for purposes of this opinion that the allegations of plaintiffs' complaint are sufficient to meet this threshold showing.

[2] Although CAFA does not explicitly refer to these provisions as exceptions, they are commonly so described. *See, e.g.*, *Simmons*, 2014 WL 5026252 at *3. The legislative history also refers to them as the local controversy exception and the home state exception. *See* S. Rep. 109-14, at 28 (Feb. 28, 2005).

3

classes in the aggregate are citizens of the State in which the action was originally filed . . . ." *Id.* § 1332(d)(4)(A).[3]

In response to the court's Order, plaintiffs assert that, having met their initial burden to show CAFA jurisdiction, it is defendants who have the burden of establishing the applicability of any exceptions. Plaintiffs are correct that the party asserting CAFA jurisdiction bears the burden of establishing CAFA's prerequisites, *Blockbuster*, 472 F.3d at 56–57, and that, once established, the burden shifts to the party asserting a CAFA exception to prove that it applies. *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 355 (E.D.N.Y. 2008). However, the court is permitted to raise CAFA exceptions on its own.[4] *See e.g.*, *Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 188 (E.D.N.Y. 2009). When the court does so, neither party is asserting an exception, and the burden shifting framework does not apply. The Second Circuit has not addressed the issue of who has the burden when the court raises a CAFA exception *sua sponte*. But, as a practical matter, "in the sua sponte context and considering the goal of CAFA, it is appropriate to place the burden generally with the party seeking the federal forum to show that the case escapes mandatory declination of jurisdiction . . . ." *Lockhart v. El Centro Del Barrio*, 2024 WL 4601059, at *3 (W.D.

---

[3] An additional requirement under the home state exception is that the primary defendants be citizens of the state where the action was filed. The additional requirements under the local controversy exception are: (1) at least one defendant is a defendant from whom significant relief is sought, whose conduct forms a significant basis for the claims asserted, and is a citizen of New York; (2) the principal injuries resulting from the alleged conduct of each defendant occurred in New York; and (3) during the 3-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. In response to the court's Order, neither party disputed that, based on plaintiffs' allegations, these requirements appear to be met.

[4] Although the applicability of CAFA's mandatory exceptions is commonly framed as an inquiry into the court's subject matter jurisdiction, these exceptions are not jurisdictional, *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141–42 (2d Cir. 2013), but rather a type of mandatory abstention, which courts may raise *sua sponte. See Catlin v. Ambach*, 820 F.2d 588, 591 (2d Cir. 1987).

Tex. Oct. 25, 2024). Thus, as the party seeking to litigate in federal court, plaintiffs have the burden of establishing CAFA jurisdiction.

Plaintiffs have failed to meet their burden. Plaintiffs assert that the CAFA exceptions do not apply because, they suspect, some of the class members are out-of-state corporate landlords. They argue that, at least at this stage, they cannot determine whether greater than two-thirds of the class members are New York citizens, or inversely, whether less than one-third of the class members are out-of-state citizens. This argument is meritless because, on the face of the complaint, plaintiffs have pled out the possibility of CAFA jurisdiction. The class definition and the allegations in the complaint are limited to New York customers. (*See* Compl. ¶ 45 ("National Grid *customers in the State of New York* . . . ."); *id* ¶ 1 ("This action seeks to redress National Grid's charging of an improper, higher gas rate to thousands of *New York non-residential customers* . . . ."); *id.* ¶ 16 ("National Grid provides gas service to its *New York customers* pursuant to the terms and conditions of its gas tariff . . . .")) (emphases added). Needless to say, if all members of the class are New York citizens, the exceptions apply.

Even if the class definition were read as plaintiffs appear to read it—that a New York customer could mean a corporate entity that, while owning a residential building in New York City, is itself located outside of New York—plaintiffs' allegations are insufficient. They are too speculative to support jurisdiction. *See Henry v. Warner Music Grp. Corp.*, 2014 WL 1224575, at *5 (S.D.N.Y. Mar. 24, 2014); *Smith v. Manhattan Club Time Share Ass'n, Inc.*, 944 F. Supp. 2d 244, 253 (S.D.N.Y. 2013). The complaint alleges that "[t]he members of the proposed Class are ascertainable based on National Grid's own records as well as other publicly available data," (Compl. ¶ 49), but plaintiffs have not pointed to any information that would suggest that more than one-third of the class members are out-of-state citizens. Plaintiffs argue that it is "common

5

knowledge" that there are large out-of-state national and multinational corporations that own residential buildings in New York City, yet at the show cause hearing plaintiffs did not identify a single putative class member that is not a New York citizen. *See Int'l House v. Consol. Edison Co. of N.Y., Inc.,* 2023 WL 2898623, at *4 (S.D.N.Y. Apr. 11, 2023).

Finally, "[c]ourts may make reasonable assumptions when assessing the applicability of CAFA's jurisdiction exceptions." *Id.* (citation omitted). To start with, the New York City multiple dwelling housing market is made up of residential buildings of all sizes, ranging from buildings with two residential units to those with over one thousand units. Plaintiffs argued at the show cause hearing that, these residential buildings may be owned by large, possibly out-of-state, corporations or be owned by single purpose entities, like plaintiff, domiciled in New York. Even if I were to assume that some out-of-state corporations own large apartment complexes or multiple buildings in New York City, each such owner counts only as one member of the class. It is likely that the number of New York single purpose entities created to establish corporate ownership over a single residential property in New York City greatly exceeds the number of such large national and multinational corporations. Consequently, without any allegations or evidence suggesting otherwise, it is reasonable for the court to assume that more than two-thirds of corporate landlords with residential real estate in New York are New York citizens. *See, e.g.*, *Weider v. Verizon New York Inc.*, 2015 WL 3474102, at *2 (E.D.N.Y. June 2, 2015) ("It is eminently reasonable to assume that at least one-third of the members of the putative class—which is comprised solely of Verizon customers with New York State accounts—have New York citizenship."); *Kurovskaya v. Project O.H.R., Inc.*, 251 F. Supp. 3d 699, 703 (S.D.N.Y. 2017) ("[I]t is reasonable to infer from the facts mentioned above that two-thirds or more of the putative class members—home care workers engaged to work in New York for Defendant [located in New York]—are citizens of New York.")

6

## CONCLUSION

For the reasons discussed above, the court declines to exercise jurisdiction over this action under the mandatory local controversy and home state exceptions to CAFA. This action is dismissed without prejudice. Defendants' motion to dismiss is denied as moot.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

Dated: February 11, 2025
       Brooklyn, New York